| | |
|---|---|
| STATE OF VERMONT | RUTLAND SUPERIOR COURT |
| | CIVIL ACTION |
| RUTLAND COUNTY, SS | DOCKET NO. 727-10-07Rdcv |

MATTHEW HART and )
KRISTINA WILSON-HART )
    Plaintiffs, )
     )
v. )
     )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY )
                      Defendant )

ORIGINAL PAPER
RUTLAND SUPERIOR COURT
OCT 3 1 2007

1:07-CV-247
BURLINGTON, VT.

## COMPLAINT

NOW COME the Plaintiffs, by and through their attorneys Ryan Smith & Carbine, Ltd., and as their Complaint say as follows:

1. Plaintiff Matthew Hart is a citizen and resident of Pittsford, Vermont.

2. Plaintiff Kristina Wilson-Hart is a citizen and resident of Pittsford, Vermont.

3. Plaintiff Kristina Wilson-Hart at all times relevant to this action was and still is the wife of Plaintiff Matthew Hart.

4. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a corporation duly authorized to do business in the State of Vermont.

5. On October 25, 2005, on Route 7 in the Town of Pittsford, Matthew Beayon caused a severe automobile accident with the Plaintiff Matthew Hart by allowing and causing the truck he was driving to enter US Route 7 in Pittsford, Vermont negligently and in violation of one or more of Vermont's motor vehicle laws.

6. As a result of the negligence of Matthew Beayon on October 25, 2005 as set forth above, Plaintiff Matthew Hart sustained physical and psychological injuries, some of which are permanent; loss of time from his daily activities due to pain, inability to function and necessity of treatment; loss of time from work; diminished ability to work; diminished ability to function and

diminished enjoyment of life; has suffered additional and related problems, costs and expenses some or all of which are or may be permanent.

7. As a result of the negligence of Matthew Beayon as set forth above and the injuries sustained by her husband, Plaintiff Kristina Wilson-Hart has suffered the loss of services and the normal companionship of her husband.

8. At the time of the accident Matthew Hart and Kristina Wilson-Hart [hereinafter "Harts"] were insured under a State Farm automobile insurance policy # 43051C2145A issued to Matthew Hart. This policy provided underinsured motorist coverage in the amount of $250,000.

9. At the time of the accident the Harts were insured under a State Farm automobile insurance policy # 0057891C2845 issued to Matthew Hart. This policy provided underinsured motorist coverage in the amount of $250,000.

10. At the time of the accident the Harts were also insured under a State Farm automobile insurance policy #43053B2645C issued to Kristina Wilson Hart. This policy provided underinsured motorist coverage in the amount of $250,000.

11. On March 2, 2006, pursuant to the aforementioned policies, the Harts put State Farm on notice of their claim for underinsured motorist coverage and requested written consent from State Farm to settle with the underinsured, Matthew Beayon.

12. On April 12, 2006 the Harts provided State Farm with Matthew Hart's Rutland Regional Medical Center records, (1/1/2000 – to April 12, 2006); Matthew Hart's Dartmouth-Hitchcock Medical Center records; (all records to April 12, 2006); and Matthew Hart's medical records from Dr. Peter Stickney (all records to April 12, 2006).

13. On December 12, 2006 at the request of State Farm, the Harts once again produced all of Matthew Hart's medical records and a copy of the Matthew Beayon's insurance declarations sheet.

14. On January 19, 2007 State Farm provided the Harts with written permission to settle the liability claim against Matthew Beayon for one hundred thousand dollars ($100,000), the policy limit under Matthew Beayon's automobile liability insurance policy.

15. *Section III, Uninsured Motor Vehicle, Coverage U "Deciding Fault and Amount"*, of the aforementioned policies states the following:

*Two questions must be decided by agreement between the insured and us:*

1. *Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle, and*
2. *If so, in what amount?*

16. Despite being put on notice on March 2, 2006 of the Harts' claim, as of February 27, 2007 State Farm had neither denied the Harts' claim for uninsured motorist coverage nor made any attempt to come to an agreement with the Harts' on the aforementioned questions.

17. *Section III, Uninsured Motor Vehicle, Coverage U "Deciding Fault and Amount"*, of the aforementioned policies states the following: *If there is no agreement and both parties consent, these questions shall be decided by arbitration.*

18. On February 27, 2007, pursuant to *Section III, Uninsured Motor Vehicle, Coverage U "Deciding Fault and Amount"*, the Harts requested State Farm agree to arbitration.

19. On March 6, 2007 State Farm advised the Harts that it would not consent to arbitration.

20. As of April 27, 2007 State Farm had refused to take any action except to repeatedly request medical documentation already in its possession and inform the Harts that it would not consider arbitration.

21. On April 27, 2007 the Harts sent a letter to State Farm requesting State Farm clarify its position with regard to the Harts' claim for underinsured motorist coverage, because State Farm had not denied the Hart's claim and because State Farm had made no attempt to come to an

agreement with the Harts concerning the questions set forth in *Section III, Uninsured Motor Vehicle, Coverage U "Deciding Fault and Amount."*

22.     Despite having several copies of all of Matthew Hart's medical records and bills incurred to date, State Farm on May 21, 2007 sent a letter the Harts requesting permission to review Matthew Hart's medical records and bills.

23.     In response to State Farm's May 21, 2007 letter, the Harts on May 24, 2007 again provided State Farm with another copy of Matthew Hart's medical bills and records. Additionally, the Harts again asked State Farm to clarify its position regarding the claim for underinsured motorist coverage, as State Farm had not responded to their April 27, 2007 request for clarification.

24.     On June 8, 2007 State Farm responded to the Harts' April 27, 2007 and May 24, 2007 letters claiming that State Farm was evaluating the Harts' claim for underinsured motorist coverage but still needed more information.

25.     On June 14, 2007 the Harts once again produced Matthew Hart's medical bills incurred as a result of the October 25, 2005 accident and provided them to State Farm.

26.     On July 9, 2007 the Harts again requested State Farm clarify its position with regard to the Harts' underinsured motorist coverage. State Farm had still not denied the Harts' claim nor made any attempt to come to an agreement with the Harts regarding issues raised in the Harts' April 27th 2007 letter and continued in its denial to consider arbitration as provided in the Hart's policies.

27.     On August 6, 2007 State Farm responded to the Harts' July 9, 2007 request by stating that State Farm still needed additional information.

28.     On August 17, 2007 the Harts advised State Farm that: 1) it had already produced Matthew Hart's pre and post accident records and bills incurred to date; 2) the Harts would continue to promptly provide State Farm with medical records and bills of Matthew Hart's continuing treatment as they became available; and, 3) the Harts provided State Farm with

transcripts of the depositions of Matthew Hart and Kristina Wilson-Hart.

29.     As of the date of this complaint State Farm has not responded to the Harts' August 17, 2007 letter nor, as requested in Hart's April 27th 2007 letter, clarified its position with regard to the Harts' claim for underinsured motorist coverage, neither formally denied the Hart's claim nor made any attempt to come to an agreement with the Harts concerning the questions set forth in *Section III, Uninsured Motor Vehicle, Coverage U "Deciding Fault and Amount."*

## COUNT I
## BREACH OF CONTRACT

30.     Plaintiffs have suffered damages in excess of One Hundred Thousand dollars ($100,000) for permanent personal injury, present and future medical expenses and treatments, loss of enjoyment of life and other related losses.

31.     Plaintiffs qualify for and are entitled to underinsured motorist coverage under the aforementioned policies for the accident complained of herein.

32.     State Farm has refused to honor its own policies with the Harts and to pay the Harts for damages they have suffered as a result of the aforementioned accident.

## COUNT II
## BAD FAITH

33.     Despite being put on notice of the Harts' claim for underinsured motorist coverage on March 2, 2006 and despite having conducted an interview of Matthew Hart shortly after the accident and possessing the Matthew Hart's medical records both pre and post accident, Matthew Hart's medical bills incurred as a result of the accident, the Vermont State Police accident report, and the deposition transcripts of both Matthew Hart and Kristina Wilson-Hart, State Farm has willfully failed to evaluate the Harts' claim as required by its policies and by Vermont law.  In violation of Vermont law State Farm has failed to set forth in a letter to the Harts the reasons why it still needs more information before it can evaluate the Harts' claim.

34. In violation of Vermont law State Farm has failed to respond or timely respond to correspondence from the Harts.

35. State Farm has acted in violation of Vermont law and in bad faith in that it has willfully and continuously disregarded its contractual obligations under the aforementioned policies, it has failed to perform due diligence in evaluating the Harts' claim, has repeatedly attempted to undermine the Harts' right to receive the benefits under their policies, and has failed to follow regulations regarding insureds' claims as established by the Vermont Department of Banking, Insurance, Securities & Health Care Administration.

## COUNT III
## CONSUMER FRAUD

36. The Harts are consumers within the meaning of 9 VSA §2451(a).

37. It is believed the evidence will show that it was and is the practice of State Farm to deny, without consideration, all requests for arbitration made pursuant to *Section III, Uninsured Motor Vehicle, Coverage U "Deciding Fault and Amount"*, instead forcing its policy holders to file suit and incur the associated cost of filing such a suit.

38. State Farm violated the Vermont Consumer Fraud Act by misrepresenting to the Harts in the aforementioned policies that State Farm would give good faith consideration to an insured's request for arbitration as an expedited and cost efficient means of resolving disagreements with regard to *"Deciding Fault and Amount."*

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount in excess of $650,000.00, plus interest on that amount from the date of claim, costs, treble damages and attorney fees as set forth in 9 VSA §2451(a).

**JURY DEMAND**

Plaintiffs demand jury trial of all issues so triable in this cause.

ORIGINAL PAPER
RUTLAND SUPERIOR COURT
OCT 31 2007

DATED at Rutland, Vermont this 31st day of October 2007.

Matthew Hart and Kristina Wilson-Hart

By: _____
Harry R. Ryan, III, Esquire
RYAN SMITH & CARBINE, LTD.
P.O. Box 310
Rutland, Vermont 05702-0310

#378296v5a.9914/5